Floyd G. HAMILTON, Appellant,

v.

C. H. LOONEY, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.

No. 5421.

United States Court of Appeals Tenth Circuit.

Nov. 7, 1956.

David C. Knowlton, Denver, Colo., for appellant.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal in forma pauperis by petitioner Floyd G. Hamilton, an inmate of the Leavenworth, Kansas, Federal Penitentiary, from the judgment of the trial court denying him relief on his ap-plication for writ of habeas corpus and discharging the writ.

On November 3, 1938, petitioner was sentenced in the United States District Court for the Western District of Arkansas on two counts in Case Number 3942 (bank robbery), herein referred to as the bank robbery case, and on eight counts in Number 3943 (Dyer Act, 18 U. S.C.A. §§ 2311–2313), herein called the Dyer Act case. In the bank robbery case he received a sentence of 20 years on count one and 25 years on count two, the sentences being made to run concurrently. In the Dyer Act case he received a sentence of 5 years on count one, 5 years on each of counts two, three, four, five, six, seven and eight. The sentences on counts two and three were made to run concurrently with count one. All the remaining sentences ran consecutive to each other and consecutive to the sentence on count one. The sentences on counts two and three may be disregarded because obviously they expired with the expiration of the sentence on count one. Petitioner thus received a total sentence of 30 years in the Dyer Act case which, as we construe the sentence, was made to run concurrently with the sentences imposed in the bank robbery case. These sentences were imposed by United States District Judge Heartsill Ragon.

In 1955 petitioner filed a proceeding in the sentencing court, challenging the validity of the sentences in the bank robbery case. This was apparently treated as a proceeding under Section 2255, 28 U.S.C.A., with Judge Miller presiding. Judge Miller vacated the 25-year sentence. Thereafter petitioner wrote Judge Lemley a letter, which was treated as a proceeding under Section 2255. Apparently he made the same contentions he is now advancing. In a reply letter dated April 1, 1955, Judge Lemley treated his application as a proceeding under Section 2255 and advised him that his contention that he had served his sentence was not well taken. Relief was denied by Judge Lemley.

The effect of his contention in this case is that the record in the two cases in

Arkansas shows that it was the intent that he serve 5 years in the Dyer Act case in addition to any lawful sentence imposed upon him in the bank robbery case and that, since the 25-year sentence was void and set aside, for that reason the additional 5 years began to run at the expiration of the remaining 20-year sentence and has now been served. The trial court in our opinion correctly rejected this theory and held that he received a sentence of 30 years in the Dyer Act case, which admittedly has not been served.

Petitioner's contention is predicated upon a premise which is false in two respects. These are (1) that the 25-year sentence was void, and (2) that it was the intent of the sentencing court that he should serve only 5 years in excess of any lawful sentence in the bank robbery case. In notifying petitioner that he had set the 25-year sentence aside, Judge Miller wrote stating his reasons for setting that sentence aside rather than the 20-year sentence. He said: " * * * the court is of the opinion that it has the power to vacate either one of the sentences, and in view of your age, the time you have already served, and the fact that you have a total sentence of 30 years in Criminal Action 3943, the Court is entering an order today vacating the 25-year sentence on count two of Criminal Action No. 3942." This clearly indicates that Judge Miller was of the view that either the 20 or 25 year sentence could be treated as a valid sentence, but that both could not stand and that he had a choice as to which to set aside, and he gave his reasons why he chose to set aside the 25-year sentence rather than the 20-year sentence. This letter also makes it clear that Judge Miller was of the view that a total sentence of 30 years was imposed in the Dyer Act case.

We agree with the construction placed upon the sentence in the Dyer Act case both by Judge Miller and by Judge Mellott, namely, that under the sentence petitioner was required to serve 30 years. We think it is also clear that the sentencing court intended to impose three separate and independent sentences, one of 20 years, one of 25 years, and one of 30 years, for what it construed to constitute three separate offenses, and that the only relation these three independent sentences bore to each other was that they were to begin running at the same time. So construed, it is immaterial whether the 20-year sentence, or the 25-year sentence, or both of them were void. Petitioner was required to serve a 30-year sentence which began to run from the date those two sentences were imposed.

Affirmed.